# Keck *versus* McKinley.

1. In order to charge one person with the debt of another, the evidence of the assumption of the debt by the party sought to be charged should be clear and satisfactory.

2. An offer to assume the debt of another must be accepted within a reasonable time by the creditor, otherwise it is not binding upon the person making it.

3. A. and B. entered into a contract with C., whereby the latter agreed to construct a house for a specified sum. C. then contracted with D. for the materials required by him to erect said house, agreeing to pay one-half the price of said materials when he sent for them, and the residue within ten days thereafter. A. and B., owing a certain sum to C. on account of their contract, wrote on February 23rd a letter to D., saying, "If C. gives you an order on us for the bill of materials for our building we will accept it and pay it." This letter they gave to C., who delivered it the same day to D., carrying off at the same time his materials. No order was then asked for by D. A. and B. received no reply to their letter, and heard nothing further of the matter until March 10th, when D. wrote to them stating that C. had failed to pay for the material, and adding: " He sent a letter enclosing your willingness to accept an order; that was not the bargain, and therefore we did not ask for it. . . . . . Something must be done, for we will and must have our pay." On receipt of this letter A. and B. paid to C. the full amount of their indebtedness to him. About two months after, C. gave to D. an order on A. and B. for the price of the material. Suit being brought by D. against A. and B. upon this order, *Held*, that the defendants were, under the circumstances, not liable thereon, and were entitled to judgment.

October 19th 1881.  Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Clarion county :* Of October and November Term 1881, No. 143.

Assumpsit, by McKinley & Bonnet against Keck & Breneman.

The evidence and facts in this case are fully set forth in the opinion of the court.  The defendants below requested the court to direct a verdict in their favor.  The court declined so to do, and submitted the case to the jury on the evidence.  Verdict and judgment for the plaintiffs, whereupon the defendants took this writ of error.  The principal assignment of error was the submission of the evidence to the jury.

*Jenks* (with him *Wilson* and *J. W. Reed*), for the plaintiffs in error.

*Boggs* (*Weidner* with him), for the defendants in error.

Mr. Justice MERCUR delivered the opinion of the court November 14th 1881.

This is an attempt to compel the plaintiffs in error to pay a debt contracted by another.  To charge them with an assumption of this obligation the evidence should be clear and satisfactory.  On the 30th January 1877, they entered into a written agreement with one Metzler, by which he was to furnish all the materials and labor and erect a building, in consideration of which they were to pay him a sum specified.  Metzler entered into an agreement with the defendants in error by which they were to sell him sash, doors, &c. ; he agreeing to pay one half when he took the articles away, and the residue in ten days thereafter.  When he was about to send for these materials, on the 23d February, Keck & Breneman gave him a letter, signed by themselves, and addressed to McKinley & Bonnet, in which it is said : " If Mr. Metzler gives you an order on us for the bill of doors and windows, &c., for our building, we will accept the order and pay it."  On the same day, Metzler sent a teamster for the materials, together with this letter and one from himself, in which after stating, inter alia, that he would send an order if they were willing to accept it, he added, " If you don't want to accept an order on Keck & Breneman, I will call and settle the bill myself."  The teamster delivered both letters and the articles were procured by him.  No order was then asked for. Previous to writing this letter, the plaintiffs in error had no contract or negotiation with McKinley & Bonnet.  They were under no obligation, either absolute or conditional, to pay them

for anything Metzler might get. They then had an undoubted right to propose on what terms, and in what form, they would assume a liability. They made the offer conditional. It was not to pay in case Metzler procured the sash and blinds of them; but in case he gave them an order on Keck & Breneman. On the part of the latter, it was a mere offer. To create an absolute liability, there must have been an acceptance of the offer within a reasonable time. On the contrary, Keck & Breneman heard nothing from them until the 10th of March. Then they received a letter from them in which they say: "Mr. Metzler promised to pay one-half for windows, &c., when taken away from shop, and balance in ten days after that, but he has done neither. He sent a letter with teamster enclosing your willingness to accept an order; that was not the bargain, and therefore we did not ask for it."

Thus this letter distinctly notifies them, that they did not deliver the property in acceptance of their offer; but on the contract which they had previously made with Metzler; and as that bargain was not to accept an order, they had not asked him for one. In language clear and unequivocal, they say they refused to accept the offer of payment by order. It does not help their case that their letter proceeded to say, "Something must be done; for we will and must have our pay." Whether this was written under an impression that Keck & Breneman could influence Metzler to pay or with the intention of making some vague claim against them, is of no consequence. The letter states facts which prove they had no legal claim against them. Having refused the offer, it was beyond their power to change its terms and then impose it on Keck & Breneman without their consent. Otherwise it would lack the reciprocal or mutual assent of the parties necessary to constitute an agreement. It is elementary law that to make a simple contract binding there must be a definite promise by the party charged, accepted by the person claiming the benefit of such promise: Chitty on Cont. 11.

It appears the defendants in error put this claim in the hands of Boggs & Weidner, attorneys, to collect of Metzler. They wrote him threatening to sue him. He thereupon got Keck & Breneman to write them in his behalf, in answer thereto, on the 19th March. It was claimed that this last letter contains some evidence of their liability. We cannot discover any language therein, indicating such a conclusion. It was not written in reply to any letter addressed to them, nor to one in which any claim was made against them. It was in answer to a letter to Metzler making a claim against him alone. The answer is for him and in his behalf, giving reasons why he has not paid, and stating what will probably be done unless costs are

[McDonald *v.* Simcox.]

made by bringing suit.　Not one word is said indicating an ad-
mission that they owe the bill, or that they will pay it.

The uncontradicted evidence is that on the 23d February,
Keck and Breneman had money in their hands due to Metzler.
They retained it to meet any order he might give to the defend-
ants in error until the receipt of the letter from the latter on the
10th of March.　On the receipt of that notice that they had not
accepted the proposition and had not obtained any order, the
plaintiffs in error paid out all moneys in their hands going to
Mitzler, on other orders drawn by him on them.　He was re-
leased from a part of his contract, and never completed the
residue.　No settlement was ever had with him.　They were
under no obligation to accept an order drawn some two months
thereafter, when they were probably not indebted to Metzer.
The offer to accept conditionally was as favorable as the defend-
ants had a right to ask, and this they refused.　At no time did
the minds of the parties meet and concur in any agreement.　A
careful examination of the whole evidence fails to disclose any
to justify submitting the case to the jury.　It is not a case of
conflict of evidence, or weight of evidence, but of no evidence.
The learned judge, therefore, erred in not affirming the last
point submitted by the defendant below :　Phila. & Read. R.
R. Co. *v.* Yerger, 23 P. F. Smith 121.　It is not necessary to
consider the other assignments.　The evidence covered thereby
was irrelevant.

　　　　　　　　　　　　　　　　　　Judgment reversed.